IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURIE LINT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 10-321 |
| ) | Judge Nora Barry Fischer |
| THE COUNTY OF FAYETTE, ) | |
| VINCENT ZAPOTOSKY, Fayette County ) | |
| Commissioner, in his individual capacity, ) | |
| VINCENT A. VICITES, Fayette County ) | |
| Commission in his individual capacity, ) | |
| ) | |
| Defendants. ) | |

## ORDER OF COURT

AND NOW, this 30th day of September, 2011, upon consideration of Plaintiff's Motion in Limine to Exclude Previously Undisclosed Witnesses (Docket No. [56]) and Defendant's response in opposition (Docket No. [63]), IT IS HEREBY ORDERED that said motion [56] is DENIED for the following reasons.

IT IS FURTHER ORDERED that Defendants shall make witnesses Sam Murphy, Sandra Worley and Janice Lake available for deposition before the final pretrial conference, which is scheduled for Friday, October 21, 2011 at 9:00 a.m.

Parties are required to disclose potential witnesses without awaiting formal discovery requests. Fed.R.Civ.P. 26(a)(1); *Kotes v. Super Fresh Food Markets, Inc.*, 157 F.R.D. 18, 19 (E.D.Pa. 1994). They are likewise required to supplement their disclosures "with special promptness" as trial approaches. *Kotes*, 157 F.R.D. at 19 (citing Fed.R.Civ.P. 26(e)). Rule 37 provides that, where "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness … at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1).

The Court agrees with Plaintiff that Defendants failed to properly identify Sam Murphy, Sandra Worley and Janice Lake in their Rule 26 disclosures. (*See* Docket No. 56 at ¶ 3). Defendants have listed all of these witnesses in their Witness List. (*See* Docket No. 61 at 5). Pursuant to Rules 37(c)(1), 26(a) and 26(e), Defendants may be precluded from offering these witnesses "unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1).

The Court finds that the failure here was harmless. All three of these witnesses were referenced in documents produced by Defendants. (*See* Docket No. 63-2). These documents reflect that all three witnesses had complaints against Plaintiff. (*See generally id.*). Thus, Plaintiff was on notice that Defendants might use these witnesses against her, and Plaintiff had ample opportunity to seek production of these witnesses.

However, to ensure that there is no prejudice, the Court has ordered the Defendant to make the witnesses at issue available for Plaintiff's deposition prior to the final pretrial conference. This will ensure that Defendants' failure to properly identify the witnesses under Rule 26 is, indeed, harmless.

*s/ Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

cc/ecf: All counsel of record.